# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Nancy Lorraine Galford and Charles Galford,
Plaintiffs Below, Petitioners

vs)  No. 13-1134 (Preston County 13-C-42)

Nancy Friend, individually, and Big Bear
Lake Property Owners Association, Inc.,
Defendants Below, Respondents

**FILED**

October 17, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Nancy and Charles Galford, by counsel Edward R. Kohout, appeal the order of the Circuit Court of Preston County, entered October 9, 2013, granting summary judgment in favor of respondents. Respondent Nancy Friend filed her response by counsel Mark Gaydos, Buddy Turner, and Cody E. Nett. Respondent Big Bear Lake Property Owners Association, Inc., by counsel John R. Fowler and Michael P. Markins, joined in Friend's response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are owners of property at Big Bear Lake Campground in Bruceton Mills. Respondent Friend is the president and sole owner of Alyeska, Inc., the campground developer. Little information has been provided about Respondent Big Bear Lake Property Owners Association, Inc. Petitioners filed a complaint in the Circuit Court of Monongalia County (later transferred to the Circuit Court of Preston County), alleging that Respondent Friend operates an illegal political subdivision at Big Bear Campgrounds, an area organized by Friend's father in 1972, by directing Big Bear Lake's Board of Directors to establish traffic laws, building codes, and a code of conduct, sometimes in contravention of the original bylaws. Petitioners sought declaratory relief, asserting that both respondents: violated West Virginia Code § 36A-3-13 (part of the Unit Property Act) by failing to provide an accounting of expenditures of petitioners' assessments[1]; violated West Virginia Code § 36B-3-114 (part of the Uniform Common Interest

---

[1] West Virginia Code § 36A-3-13 provides:

> The treasurer shall keep detailed records of all receipts and expenditures, including expenditures affecting the common elements, specifying and itemizing the maintenance, repair and replacement expenses of the common elements and

1

Ownership Act) by failing to return surplus funds to property owners[2]; and operated Big Bear Lake Campground as if it were a municipal corporation, in violation of West Virginia Code § 8-2-1[3].

Respondent Friend filed a motion to dismiss (and petitioners filed a response), and the circuit court converted the motion to dismiss to a motion for summary judgment after notifying the parties. The circuit court granted summary judgment by order entered October 9, 2013,

---

any other expenses incurred. Such records shall be available for examination by the unit owners during regular business hours. In accordance with the actions of the council assessing common expenses against the units and unit owners, he shall keep an accurate record of such assessments and of the payment thereof by each unit owner.

[2] West Virginia Code § 36B-3-114 provides:

Unless otherwise provided in the declaration, any surplus funds of the association remaining after payment of or provision for common expenses and any prepayment of reserves must be paid to the unit owners in proportion to their common expense liabilities or credited to them to reduce their future common expense assessments.

[3] West Virginia Code § 8-2-1 provides, in part:

(a) Any part of a county or counties may be incorporated as a city, depending upon the population, either as a Class I, Class II or Class III city, or as a Class IV town or village, as classified in section three, article one of this chapter if the area proposed for incorporation meets the following conditions:
(1) The area is not currently within any municipality urban in character;
(2) For areas that are more than one square mile there must be an average of not less than five hundred inhabitants or freeholders per square mile;
(3) For areas less than one square mile there must be at least one hundred inhabitants or freeholders;
(4) The total area to be incorporated must not include an amount of territory disproportionate to its number of inhabitants; and
(5) The proponents of incorporation shall provide to the county commission a proposal . . .
(b) The creation of any new municipality is prohibited if:
(1) The area to be incorporated is within close proximity to an existing municipality and the existing municipality is capable of more effectively and efficiently providing services to the area; or
(2) The creation of a new municipality is not in the best interest of the county as a whole.
(c) It is within the reasonable discretion of the county commission to determine the exact area or portions thereof to be included or excluded in the new municipality . . .

finding that: (1) West Virginia Code § 36A-3-13 does not apply in this case because no duly recorded declaration states the parties' intent to submit the property to the provisions of the Unit Property Act; (2) West Virginia Code § 36B-3-114 is inapplicable because it was enacted fourteen years after the formation of Big Bear Lake Campground; and (3) West Virginia Code § 8-2-1 does not contain a private right of action.

Petitioners challenge that order on appeal, arguing that the trial court erred in: (1) finding that West Virginia Code § 36A-3-13 does not apply; (2) finding that certain provisions of the Uniform Common Interest Ownership Act are inapplicable; (3) "failing to grant declaratory relief as to Big Bear Lake Campground's being illegally operated as a town without a charter[;]" and (4) granting summary judgment to Respondent Friend without discussing the factors required for "piercing the corporate veil." We review petitioners' assignments of error related to the circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Our review of the record on appeal shows that petitioners support these assignments of error with arguments nearly identical to those made in response to respondents' motion to dismiss and subsequently rejected by the circuit court. For example, petitioners argued to the circuit court that, "The [Unit Property] Act does not state that the owner of a condominium property must reference the Act in the declarations for the Act to apply. The Act nowhere so states." In its order granting summary judgment, the circuit court found to the contrary, citing West Virginia Code 36A-4-1(a): "The declaration shall contain the following: (a) A reference to this chapter [Chapter 36A] and an expression of the intention to submit the property to the provisions of this chapter." Rather than offer a specific exception to the circuit court's application of the aforementioned section, petitioners here cursorily argue, "The Act does not state that the owner of a condominium property must *reference* the Act in the declarations in order for the provisions of the Act to apply. The Act nowhere so states." (Emphasis in original.) Petitioners have thus presented no basis to support the first assignment of error, in which they argued that the circuit court incorrectly found that West Virginia Code § 36A-3-13 does not provide petitioners a remedy. We agree with the circuit court that the parties' declaration does not express an intent to subject property at Big Bear Lake Campground to the Unit Property Act and respondents thus did not violate the Act.

Likewise, in their argument in support of their second assignment of error (that the circuit court erred in finding certain provisions of the Uniform Common Interest Ownership Act inapplicable), petitioners fail to address the circuit court's thorough explanation of its conclusion that West Virginia Code § 36B-1-204(a) "does not . . . make the whole Act applicable to preexisting common interest communities."[4] Instead, petitioners simply reiterate the argument

---

[4] West Virginia Code § 36B-1-204(a), addressing "applicability to preexisting common interest communities," provides

(a) Except as provided in section 1-205 [§ 36B-1-205] (Same—Exception for small preexisting cooperatives and planned communities), sections 1-105 [§ 36B-1-105] (Separate titles and taxation), 1-106 [§ 36B-1-106] (Applicability of local ordinances, regulations and building codes), 1-107 [§ 36B-1-107] (Eminent

they made before the circuit court, wherein they state that the Act applies to respondents on and after the effective date of July 1, 1986. We agree with the circuit court that West Virginia Code § 36B-1-204(a) specifically enumerates sections that prospectively apply to common interest communities that were in existence before the effective date of the Uniform Common Interest Ownership Act but West Virginia Code § 36B-3-114 is not among those sections. We find, then, that petitioners are entitled to no relief on this ground.

Finally, petitioners made no effort to address the circuit court's finding that West Virginia Code § 8-2-1 does not contain a private right of action, choosing instead to support their third assignment of error by tersely arguing that the circuit court did not analyze this issue. Petitioners conclude that the circuit court "simply ruled that [it] found no violation of this section, without discussion." The circuit court's analysis is apparent in its order, and we disagree with petitioners' argument.[5]

Having reviewed the circuit court's "Final Order Granting Summary Judgment in Favor of Defendants," entered on October 9, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

---

domain), 2-103 [§ 36B-1-103] (Construction and validity of declaration and bylaws), 2-104 [§ 36B-2-104] (Description of units), 2-121 [§ 36B-2-121] (Merger or consolidation of common interest communities), 3-102(a)(1) through (6) and (11) through (16) [§ 36B-3-102] (Powers of unit owners' association), 3-111 [§ 36B-3-111] (Tort and contract liability), 3-116 [§ 36B-3-116] (Lien for assessments), 3-118 [§ 36B-3-118] (Association records), 4-109 [§ 36B-4-109] (Resales of units), and 4-117 [§ 36B-4-117] (Effect of violation on rights of action; attorney's fees), and section 1-103 [§ 36B-1-103] (Definitions) to the extent necessary in construing any of those sections, apply to all common interest communities created in this state before the effective date of this chapter; but those sections apply only with respect to events and circumstances occurring after the effective date of this chapter and do not invalidate existing provisions of the declaration, bylaws or plats or plans of those common interest communities.

[5] Like the circuit court, we "conclude[] that a determination of whether piercing the corporate veil is appropriate is unnecessary because [we have] concluded that there have been no violations in the first instance of" the statutes discussed herein. We thus find no error in the circuit court's having declined to undertake a "corporate veil" analysis and we consequently reject petitioners' fourth assignment of error.

4

**ISSUED:**  October 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

NANCY LORRAINE GALFORD and

CHARLES GALFORD,

    Plaintiff,

                          //Civil Action No. 13-C-42

                          Honorable Fred L. Fox, II

NANCY FRIEND, individually and

BIG BEAR LAKE PROPERTY

OWNERS ASSOCIATION, INC.,

    Defendants.

## FINAL ORDER GRANTING SUMMARY JUDGMENT

## IN FAVOR OF DEFENDANTS

    This matter came before the Court on 22 August 5 2013, on Defendant Nancy Friend's Motion to Dismiss and Defendant Big Bear Lake Property Owners Association, Inc.'s Motion to Dismiss, both under Rule 12.(b)6) of the West Virgin Rules of Civil Procedure. At that hearing, it was argued that the West Virginia Unit Property Act (West Virginia Code §§ 36A-1-1-36A-8-3 (1963) does not apply to Big Bear Lake Property Owners Association, Inc., because its declaration of restrictive covenants does not contain the necessary reference to that Chapter. It was further argued that the West Virginia Uniform Common Interest Ownership Act (West Virginia Code §§ 36B-1-101-36B-4-120(1986) does not apply to Big Bear Lake Property Owners

1

Association Inc., because it was formed prior to the effective date of the Act.

By Order entered 03 September 2013, this Court converted Defendants' Motions to Dismiss under Rule 12(b)(6) to Motions for Summary Judgment, pursuant to Rule 12(b) of the West Virginia Rules of Civil Procedure, because the Court was presented with material outside the pleadings. The parties were given until 20 September 2013, to provide the Court with any material pertinent to a Rule 56 motion. On 13 September 2013, Defendant Nancy Friend provided the Court with Big Bear Lake's Declaration of Restrictions and Covenants and their supplements. The Plaintiffs filed a Memorandum of Law in Opposition of Motion for Summary Judgment with exhibits on 18 September 2013.

After considering the parties' briefs and arguments, Big Bear's declarations of restrictions and covenants, and the pertinent legal authorities, the Court concludes that summary judgment should be granted in favor of the Defendants.

## STANDARD OF REVIEW

A motion for summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." W. Va. R. Civ. P. 56(c).

> [I]n light of the jury's role in resolving questions of conflict and credibility, we have admonished that this rule should be applied with great caution. In cases of substantial doubt, the safer course of action[] is to deny the motion and proceed to trial. Thus, if the evidence would allow a reasonable jury to return a verdict for the nonmoving party, then summary judgment will not lie.

2

*Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va.692,698,474 S.E.2d 872, 878(1996)(citations omitted). However, "Rule 56 was incorporated into West Virginia civil practice for good reason, and circuit courts should not hesitate to summarily dispose of litigation where the requirements of the Rule are satisfied." *Jividen v. Law*, 194 W.Va. 705, 713, 461 S.E.2d 451, 459(1995).

Once a party has moved for summary judgment and shown by affirmative evidence that no genuine issue of material fact exist,

> the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the *West Virginia Rules of Civil Procedure*.

Syl.pt.3, Williams v. Precision Coil, Inc., 194 W.Va.52, 459 S.E.2d 329(1995).

## OPINION

Plaintiffs Lorraine and Charles Galford filed this civil action against Big Bear Lake Property Owners Association, Inc. ("BBLPOA") and Nance Friend, in her individual capacity. The Plaintiffs are lot owners at Big Bear Lake Campground. The BBLPOA is the property owners association at Big Bear Lake Campground, and Defendant Nancy Friend is the President and sole shareholder of Alyeska, Inc., which is the developer of Big Bear Lake Campgrounds.

The Plaintiffs allege four counts in their Complaint. In Count 1, the Plaintiffs allege that the Defendants have violated

3

West Virginia Code § 36A-3-13 because they have not received an "accounting of how their assessments for each year are calculated and have received no accounting of how their assessments were spent throughout the year." (Compl. ¶ 16.)

In Count II, the Plaintiffs allege that "[t]he Defendants are required by W. Va. Code § 36B-3-114 to return to the Plaintiffs 'any surplus funds of the association remaining after payment of or provision for common expenses and any prepayment of reserves must be paid to the unit owners in proportion to their common expense liabilities or credited to them to reduce their future common expense assessments.'" (Compl. ¶ 21.)

In Count III, the Plaintiffs contend that "Defendants are illegally operating Big Bear as if it were a municipal corporation, without going through the process set forth in W.Va. Code § 8-2-1 (2012) to become chartered as a town." (Compl. ¶ 27.) Finally in Count IV, the Plaintiffs request declaratory relief from the Court that Defendants have violated West Virginia Code § 36A-3-13, § 36B-3-114, and § 8-2-1 (Comp. ¶¶34-35.)

Defendant Nancy Friend contends that the Plaintiffs have not shown any conduct on her part sufficient to disregard the corporate identity of Alyeska, Inc. (Def. Friend's Mot. to Dismiss at 3.) Defendant BBLPOA contends that the Unit Property Act is not applicable to it because its declarations of restrictions and covenants do not contain the necessary language to make the Unit Property Act applicable. (Def. BBLPOA's Mot. to Dismiss at 3-4). Regarding Count II, which alleges a violation of the Uniform Common Interest Ownership Act, Defendant BBLPOA contends that West Virginia Code § 36B-3-114 is inapplicable to it because it was formed in 1972, fourteen years

4

before the effective date of the Act. (*Id.* At 5-6.) Further, BBLPOA argues that even if it was applicable, it does not impose upon it the duty to refund the surplus assessments and that it may instead retain the surplus and apply the same to reduce future expenses. (*Id.* At 6.)

## Count I - Violation of West Virginia Code § 36A-3-13

The Plaintiffs allege that West Virginia Code § 36A-3-13 require the treasurer of BBLPOA to keep records of all receipts and expenditures which specifies and itemizes the maintenance, repair, and replacement expenses of the common elements. Accordingly, because the Plaintiffs have not received an accounting, they contend that the Defendant has violated West Virginia code § 36A-3-13.

Plaintiffs argue in their Memorandum of Law in Opposition of Motion for Summary Judgment that "[t]he Act <u>does not</u> state that the owner of a condominium property must reference the Act in the declarations in order for the provisions of the Act to apply. The Act nowhere so states." (Pls.' Mem. of Law at 4 (emphasis in original).)

West Virginia Code § 36A-3-13 is part of the West Virginia Unit Property Act. In order for the Unit Property Act to be applicable, there must be a duly recorded declaration expressing as much. "The declaration shall contain the following: (a) A reference to this chapter [Chapter 36A] and an expression of the intention to submit the property to the provisions of this chapter[.]" W.Va. Code Ann. § 36A-4-1(a) (LexisNexis Repl. Vol. 2011).

Plaintiffs also cite *Pope Properties/Charleston LLC v. Robinson*, 738 S.E.2d 546 (W.Va. 2013), for the proposition that a

5

condominium built in 1979 was a condominium for purposes of the Unit Property Act. The case cited did not decide the issue of what is a condominium unit and whether the Unit Property Act applied. The issue in that case was whether the assessor should have used the market data approach or the income approach for *ad valorem* tax purposes. *See Pope Properties*, 738 S.E.2d 546, 548 (W.Va. 2013). The discussion regarding the Unit Property Act was limited to its applicability for tax purposes. *See Pope Properties*, 738 S.E.2d at 550-51; *see also* W.Va. Code Ann. § 36A-7-1 (LexisNexis Repl. Vol. 2011) ("Each unit...shall be assessed and taxed for all purposes as a separate parcel of real estate...").

The Court ultimately found that "the *prior conversion* of Country Club Village Apartments from ordinary fee simple ownership to a condominium form of ownership under the Unit Property Act is not dispositive." *Pope Properties*, 738 S.E.2d at 551 (emphasis added). This demonstrates that there must have been an affirmative act of conversion. Further bolstering this argument although not cited by Defendant is West Virginia Code § 36A-6-1, which provides for the removal of the property "from the provisions of this chapter by a revocation expressing the intention to so remove property previously made subject to the provisions of this chapter." W.Va. Code Ann. § 36A-6-1 (LexisNexis Repl. Vol. 2011). In sum, there is no automatic conversion of properties into condominium units subject to the Unit Property Act.

Both the Plaintiffs and the Defendants filed with this Court copies of BBLPOA's Declaration of Restrictions and Covenants. The Defendant contends, and the Plaintiffs do not dispute, that BBLPOA's Declarations of Restrictions and Covenants, and their Supplemental Declarations of Restrictions

6

and Covenants, do not contain a reference to the Unit Property Act or an expression of the intention to submit the property to the provisions of the Act. Accordingly, this Court concludes that the Unit Property Act, including West Virginia Code § 36A-3-13, is not applicable to BBLPOA (and by extension to the Defendant Nancy Friend). Because the fact that the Declarations contain no such reference to the Unit Property Act is undisputed, the Court finds and concludes that the Defendants could not be in violation of West Virginia Code § 36A-3-13, and that they are therefore entitled to summary judgment on Count I as a matter of law.

## Count II – Violation of West Virginia Code § 36B-3-114

The Plaintiffs allege that they are entitled to a refund of any surplus funds they paid in assessment fees under West Virginia Code § 36B-3-114. This provision of the Uniform Common Interest Ownership Act states:

> Unless otherwise provided in the declaration, any surplus funds of the association remaining after payment of or provision for common expenses and any prepayment of reserves must be paid to the unit owners in proportion to their common expense liabilities or credited to them to reduce their future common expense assessments.

W.Va. Code Ann. § 36B-3-114 (LexisNexis Repl. Vol. 2011).

The Defendant argues that the Uniform Common Interest Ownership Act, West Virginia Code §§ 36B-1-1 – 36A-8-3 (1986), does not apply to the Defendant because it was formed in 1972 by the recording of certain Declaration of Restrictions and Covenants in the Office of the Clerk of the County Commission of Preston County, West Virginia. *See* W.Va. Code Ann. § 36B-1-204 (LexisNexis Repl. Vol. 2011) (editor's notes state that the

7

"effective date of this chapter" was 1 July 1986). The Defendant asserts that the Uniform Common Interest Ownership Act was enacted fourteen years later and does not operate retroactively. (Def.'s Mot. to Dismiss at 5.)[1]

The Defendant cites West Virginia Code § 36B-1-204(a)[2] (entitled "Applicability to preexisting common interest communities") for the proposition that the legislature intended the statute to operate prospectively. (*Id.* at 5.) This section of the Act states:

> Except as provided in section 1-205 (Same—Exception for small preexisting cooperatives and planned communities), sections 1-105 (Separate titles and taxation), 1-106 (applicability of local ordinances, regulations and building codes), 1-107 (Eminent domain), 2-103 (Construction and validity of declaration and bylaws), 2-104 (Description of units), 2-121 (Merger or consolidation of common interest communities), 3-102(a)(1) through (16) and (11) through (16) (Powers of unit owners' association), 3-111 (Tort and contract liability), 3-116 (Lien for assessments), 3-118 (Association records), 4-109 (Resales of units), and 4-117 (Effect of violation on rights of action; attorney's fees), and section 1-103 (Definitions) to the extent necessary in construing any of those sections, *apply to all common interest communities created in this state before the effective date of this chapter;* but those sections apply only with respect to events and circumstances occurring after the effective date of this chapter and do not invalidate existing provisions of the declaration, bylaws or plats or plans of those common interest communities.

---

[1] Defendant BBLPOA did not file a memorandum of law in support of summary judgment. The Court converted the Defendant's Motion to Dismiss into a Motion for Summary Judgment.
[2] Defendant actually cites W.Va. Code § 36B-1-201, but this is likely a typographical error. The quoted portion is from W.Va. Code § 36B-1-204.

W.Va. Code Ann. § 36B-1-204(a)(LexisNexis Repl. Vol. 2011) (emphasis added). Therefore, according to the Defendant, because § 36B-3-114 is not enumerated in § 36B-1-204(a), it is not applicable to Big Bear.

The Plaintiffs respond by stating that §36B-3-114 "certainly applies to Big Bear on and after its effective date 1 July 1986 since Big Bear meets the definition of a condominium and homeowners' association." (Pls.' Mem. Of Law at 4.) Plaintiffs cite § 36B-1-204 as authority for this proposition, but only quote this portion: "to the extent necessary to construe any of those sections, apply to all common interest communities created in this state before the effective date." (Id.)

This section of the Act of the Plaintiffs rely upon is the enumerated thirteen sections contained in west Virginia Code § 36B-1-204(a) that are applicable to common interest communities created before the effective date of the Act. The quoted language ("to the extent necessary to construe any of those sections") makes section 1-103 (definitions) applicable when construing the other twelve sections that do operate retroactively. It does not, as the Plaintiffs contend, make the whole Act applicable to preexisting common interest communities.

The Plaintiffs also cite § 36B-1-205, which exempts small preexisting cooperatives and planned communities (under twelve units) from several of the requirements of § 36B-1-204. See W.Va. Code Ann. §36B-1-205 (LexisNexis Repl. Vol. 2011. Section 1-205 merely further qualifies the exemption in § 36B-1-204 and does not, as the Plaintiffs assert, make any planned community created prior to the effective date of the Act subject to all of the requirements of the Act.

9

It is undisputed that Big Bear Lake Camplands, a division of Alyeska, Inc., was formed in 1972, and that the Declaration of Restrictions and Covenants was declared in 1972. (Def.'s Ex.A;Pls.' Mem.. of Law at 4.) Therefore, the sections of the Uniform Common Interest Ownership Act that are applicable to Big Bear are contained in West Virginia Code § 36B-1-204. The section that the Plaintiffs allege the Defendants have violated, West Virginia Code § 36B-3-114, is not contained in the list of sections that operate retroactively. See W.Va. Code Ann § 36B-1-204 (LexisNexis Repl. Vol. 2011). Accordingly, this Court finds and concludes that the Defendants could not have violated West Virginia Code § 36B-3-114 because it is not applicable to BBLPOA (and by extension to Defendant Nancy Friend). Therefore, the Court concludes that since BBLPOA's undisputed creation date was in 1972, the Defendants are entitled to a judgment as a matter of law on Count II.

## Count III - Violation of West Virginia Code § 8-2-1

The Plaintiffs allege in Count III of their Complaint that "Defendants are illegally operating Big Bear as if it were a municipal corporation, without going through the process set forth in W.Va. Code § 8-2-1 (2012) to become chartered as a town." (Compl. ¶ 27.) Plaintiffs allege that because Big Bear meets the population requirement and is operated by a governing body that enacts regulations and laws, then it is therefore operating illegally as a municipality. (Compl. ¶28-29.) The Plaintiffs allege "damages in the form of monetary losses from having to pay illegal fees and fines, withholding of refund of surplus fees, emotional distress, annoyance and inconvenience, other monetary losses ... and interference with their rights and enjoyment of their property at Big Bear." (Compl.¶31.)

10

The Defendants contend that West Virginia Code § 8-2-1 does not contain a private right of action, thus the Plaintiffs have not stated a cause of action that would entitle them to relief. (Def.'s Mot. to Dismiss at 7.) This Court agrees.

In *Hurley v. allied Chemical Corp.*, the Supreme Court of Appeals of West Virginia held:

> The following is the appropriate test to determine when a State statute gives rise by implication to a private cause of action: (1) the plaintiff must be a member of the class for whose benefit the statue was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purpose of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

Syl.pt. 1, *Hurley v. Allied Chemical Corp.*, 164 W.Va. 268, 262 S.E.2d 757(1980).

In *Hurley*, the Court decided a certified question regarding whether West Virginia Code § 27-5-9(a), which prevented employment discrimination based solely on the receipt of mental health services, created an implied cause of action. 164 W.Va. at 270-71, 262 S.E.2d at 760. Drawing heavily from the United States Supreme Court's analysis in *Cort v. Ash*, 422 U.S. 66 (1975), the West Virginia Supreme court found that the statue benefited a certain class of persons, namely those who had received services for mental illness, mental retardation, or addiction. *Hurley*, 164 W.Va. at 278, 262 S.E.2d at 763. As to the second factor, the Court found that it would not necessarily be determinative because "the omission of an express right of action in the statute typically occurs against a background of legislative silence or ambiguity on this question." 164 W.Va.

11

at 279, 262 S.E.2d at 763. The Court found that "the intent to imply a private right of action may appear implicitly in the language or structure of the statute, or in the circumstances of its enactment." *Id.* (internal quotations omitted.)

As to the third factor, whether an implied cause of action is consistent with the underlying purposes of the legislative scheme, the Court stated that it would "assume that the Legislature would not enact a remedial statute granting rights to an identifiable class without enabling members of that class to enforce those rights." 164 W.Va. 180, 262, S.E.2d at 764. Finally, the fourth factor requires an analysis of "whether a private cause of action would intrude into an area delegated exclusively to the federal government." 164 W.Va. at 281, 262 S.E.2d at 764.

In this case, the Code allows for areas that meet the requirements of West Virginia Code § 8-2-1 to file a petition with the county court to be incorporated. *See* W.Va. Code §§ 8-2-1-8-2-8. Notably absent is any "violation" under the Code for an area not incorporating, and it fails the first part of the *Hurley* test because there is no class for whose benefit the statute was enacted. This situation is easily distinguished from that in *Hurley* where the statute in that case was clearly designed to protect a class of persons – those who have sought services for mental illness.

Accordingly, this Court concludes that West Virginia Code § 8-2-1 does not contain a private cause of action and instead proscribes the legal procedure for an area that wishes to incorporate. Therefore, because the Plaintiffs have failed to state a cause of action, this Court concludes that the

12

Defendants are entitled to a judgment as a matter of law on Count III.

## Count IV - Declaratory Relief

The Plaintiffs have also request that this Court issue declaratory relief in the form of declaration that the Defendants are violating West Virginia Code § 36A-3-13, § 36B-3-114, and § 8-2-1. (Compl. ¶ 34-35.) For the reasons stated above, the Court concludes that there have been no violations of these sections of the Code. Accordingly, the Court concludes that the Defendants are entitled to judgment as a matter of law on Count IV.

## Defendant Nancy Friend in Her Individual Capacity

The Plaintiffs have also brought this civil action against Defendant Nancy Friend in her individual capacity, in essence seeking to pierce the corporate veil of Alyeska, Inc. The Court concludes that a determination of whether piercing the corporate veil is appropriate is unnecessary because it has concluded that there have been no violations in the first instance of West Virginia Code § 36A-3-13, § 36B-3-114, and § 8-2-1. Therefore, there is no need to pierce the corporate veil to reach the sole shareholder of Alyeska, Inc. Accordingly, the Court concludes that Defendant Nancy Friend is entitled to a judgment as a matter of law on all four counts as contained in the Complaint.

## CONCLUSION

For the reasons contained in this Final Order Granting Summary, the Court does hereby conclude that Defendant Nancy Friend and Defendant Big Bear Lake Property Owners Association,

13

Inc. are entitled to judgment as a matter of law. Accordingly, it is hereby

**ORDERED** that Defendant Nancy Friend's and Defendant Big Bear Lake Property Owners Association, Inc.'s Motion to Dismiss, which were converted by Order of this Court to Motions for Summary Judgment, are granted.

All parties are saved their exceptions and objections to the rulings of the Court. It is further

**ORDERED** that the Clerk of the Court personally deliver, or deliver via first-class mail, a certified copy of this Order to Ed Kohout, counsel for the Plaintiffs; to Buddy Turner, counsel for Defendant Nancy Friend; and to John Fowler, counsel for Defendant Big Bear Lake Property Owners Association, Inc.

**ENTER** this _____ day of October, 2013.

_____
Fred L. Fox, II, Senior Status Judge

3-Copies
S/D 10-9-13
E K
B T
J F

**ENTERED** this _9_ day of October, 2013.

_____
Betsy Castle, CLERK
by. Lisa Loushman, Deputy

A TRUE COPY:

ATTEST:        S/BETSY CASTLE
         CLERK OF THE CIRCUIT COURT
         _____ Deputy

14